WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Quintanar, | No. CV-18-01875-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| ATSI Ahtena Technical Services, | |
| Defendant. | |

At issue is Defendant Ahtna Technical Services, Inc.'s ("ATSI")[1] Motion for Summary Judgment (Doc. 49) and accompanying Statement of Facts (Doc. 50, "DSOF"). Plaintiff, who is representing herself, submitted in response what is titled a Motion for Summary Judgment (Doc. 53). The Court construes this document as a Response, because Plaintiff later refiled the same document with an amended title of Response to Motion for Summary Judgment (Doc. 55, "Resp."). Defendant also filed a Reply (Doc. 54). The Court now grants Defendant's Motion.

**A.   LEGAL STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288–89

---

[1] The misspelling in the above caption is taken from the caption of the Complaint as filed by Plaintiff.

(9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the Court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256–57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *United States v. Carter,* 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

**B.     ANALYSIS**

This is an employment discrimination suit based on national origin. Plaintiff is a Hispanic woman. Defendant hired Plaintiff in 2009 as a food services worker at the Florence Service Processing Center (the "Center"), an immigration detention and processing facility. (DSOF Ex. A, "Quintanar Dep." at 16.) During the times relevant to the Complaint, non-party Asset Protection & Security Services ("Asset") was the prime contractor that provided detention services at the Center through a contract with U.S. Immigration and Customs Enforcement, and Defendant was a subcontractor to Asset that provided management, detention, and food services at the Center. (DSOF Ex. G ¶ 5–6.)

Plaintiff alleges generally that she suffered discrimination throughout the eight years she worked for Defendant. However, the basis for her employment discrimination claim is that she was not promoted to the position of detention officer for which she applied in May 2017. (Doc. 1.) Plaintiff filed a charge of discrimination against Defendant with the Civil Rights Division of the Arizona Attorney General's Office and the EEOC in June 2017. (*See* Doc. 1 at 8.) She asserted in that charge that she applied for the detention officer position on or about May 10, 2017, and that, despite her qualifications, Defendant promoted less-experienced, non-Hispanic applicants over her. The Attorney General and the EEOC dismissed her charge and issued her a right to sue. (DSOF Exs. J & K.) Plaintiff then brought this lawsuit.

However, the uncontroverted evidence shows that Plaintiff applied for the position with *Asset*, not Defendant, in May 2017. Plaintiff submitted her application through the job website Indeed.com. That application reflects that on May 10, 2017, she applied for the position of Detention Officer with Asset Protection and Security. (DSOF Ex. H.) Plaintiff states in her deposition that she thought she was applying for a position with Defendant, but admits "it turns out [she wasn't] correct." (Quintanar Dep. at 71.) She did not submit any proof that she applied to a position with Defendant in May 2017, and concedes that she has none. (Quintanar Dep. at 66–67.)[2]

Douglas Miller, Vice President of Human Resources for Defendant's parent company, Athna, Incorporated, avers that Defendant did not post a position or recruit applicants for a detention officer position in or around May 2017. (DSOF Ex. G ¶ 11.) He further declares that Defendant and Asset are not affiliated with or related to each other except through a prime contractor-subcontractor relationship. They have independent

---

[2] The Court notes that Plaintiff undisputedly did apply for the detention officer position with Defendant in the past. She applied in 2012 and 2015 and was not selected for the job. (DSOF Exs. C & D.) But these applications are of no moment because Plaintiff admits that the application she submitted to Asset on May 10, 2017 is the same application that formed the basis for her charge of discrimination with the Attorney General and the EEOC and the Complaint in the present matter. (Quintanar Dep. at 72.)

The Court also notes that Defendant was hiring for the position of detention officer in November 2017 (DSOF Ex. E) and offered the position to Plaintiff in February 2018 (DSOF Ex. F.)

recruitment, application, and hiring processes. "An applicant could be hired for either an ATSI position or an Asset position, but not both." (DSOF Ex. G ¶¶ 7–10.) Plaintiff submits no evidence to contradict this or to show that an application for a position with Asset could or would also be considered by Defendant. Indeed, most of the documents attached to the Response are the same documents Defendant's submitted in its Motion, including Douglas Miller's declaration, the Indeed.com application to Asset, and an email related to Defendant's November 2017 job opening. (*See* Resp. Exs. B, C & D.)

In her Response, Plaintiff states that notwithstanding the fact that it was Asset she applied to, Defendant discriminated against her by not informing her of job opportunities while informing and giving non-Hispanic kitchen workers priority to said opportunities. (Resp. at 2–3, 5.) The Court will not consider this theory of liability because it was raised for the first time in Plaintiff's Response and Defendant was therefore unable to effectively defend itself against such allegations. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). Even if Plaintiff had timely presented this theory, she still fails to establish a *prima facie* case of discrimination because she submitted no evidence (1) that she was rejected for the position despite her qualifications, and (2) after being rejected, the position remained available and Defendant continued to review applicants possessing comparable qualifications. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002).

The evidence before the Court demonstrates there is no genuine dispute that Plaintiff did not apply to a position with Defendant in May 2017. Her discrimination claim against Defendant based on a failure to promote her in May 2017 therefore fails as a matter of law. Accordingly, summary judgment is warranted for Defendant.

**IT IS THEREFORE ORDERED** granting Defendant's Motion for Summary Judgment (Doc. 49).

. . . .

. . . .

. . . .

1    **IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in
2    favor of Defendant and terminate this matter.
3    Dated this 15th day of April, 2020.

_____
Honorable John J. Tuchi
United States District Judge